# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STEPHANIE CROSWAIT, ET AL. § <br> § <br> v. § <br> § <br> WILMINGTON SAVINGS FUND § <br> SOCIETY FSB, ET AL. § <br> § | Civil Action No. 4:19-CV-305 <br> (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 13, 2019, the report of the Magistrate Judge (Dkt. #54) was entered containing proposed findings of fact and recommendations that the Motions to Remand (Dkts. #36; #38; #43) be granted and the above-referenced cause be remanded to the applicable state court. Having received the report of the United States Magistrate Judge, considered the Parties' Objections and Responses (Dkts. #39; #41; #44; #55; #57; #58), and conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

### RELEVANT BACKGROUND

The background is set out in further detail by the Magistrate Judge and is not repeated here in its entirety. This suit involves competing claims to the Property. In early 2016, Defendant Hockessin obtained a default judgment in state court against Specialized Loan Servicing, LLC—Defendant Wilmington's mortgage servicer—resulting in the discharge of the deed of trust on the Property. The Property, after several conveyances, was sold to Plaintiffs. In late 2016, Defendant Wilmington brought a bill of review action in Texas state court challenging the default judgment.

The bill of review was granted and the default judgment set aside, and ultimately the underlying state court action was dismissed for want of prosecution. Defendant Wilmington then posted the Property for foreclosure sale. In August 2018, Plaintiffs filed the present action wherein they seek a "declaratory judgment that declares the order granting Wilmington's petition for bill of review is void with respect to [Plaintiffs], and therefore, the Default Judgment remains valid" (Dkt. #1-1). The suit was removed to federal court on October 2, 2018 (Dkt #1 at p. 1) and transferred to the Eastern District in late April 2019 (Dkt. #34). Following transfer, Defendant Hockessin, Defendant DiSanti, and Plaintiffs each filed a Motion to Remand (Dkts. #36; #38; #43).

The Magistrate Judge issued a report on December 13, 2019, recommending the Court grant the Motions to Remand (Dkt. #54). Specifically, the Magistrate Judge concludes, "[t]he Court does not have jurisdiction over Plaintiffs' declaratory judgment action seeking to set aside the state court's granting of a bill of review" (Dkt. #54 at p. 10). In reaching this conclusion, the Magistrate Judge reasoned as follows:

> Because the state court order granting the bill of review and a dismissal for want of prosecution before the Court here are not final judgments, the Court is not necessarily precluded from hearing this matter. But here, Plaintiffs seek "a declaratory judgment that declares the order granting [Defendant] Wilmington's petition for bill of review void with respect to [Plaintiffs], and therefore, the Default Judgment remains valid . . . ." [Dkt. 6 at 16].
>
> \*\*\*
>
> Although an order granting a bill of review is not a final judgment, a declaratory action in federal court seeking to vacate the state court's order granting the bill of review is effectively an action to nullify the state court order . . . . A federal district court is unable to nullify a state court order granting a bill of review . . . . The bill of review case at the heart of Plaintiffs' claim is not before this Court. Plaintiffs must seek relief to vacate the state court order granting the bill of review, if at all, in state court. The Court, therefore, recommends this matter be remanded to state court.

2

(Dkt. #54 at pp. 9–10) (alterations in original). The Magistrate Judge further concluded, in the alternative, that if the Court recommended remand not be granted, joinder of each of the non-diverse Defendants should not be allowed (Dkt. #54 at p. 18).

*Defendant Wilmington's Objection*

On December 27, 2018, Defendant Wilmington filed an Objection to the report, disagreeing only with the conclusion that the Court lacks jurisdiction (Dkt. #55). In its Objection, Defendant Wilmington posits Plaintiffs "desire court intervention seeking declaratory relief that the state court vacating order (bill of review order) does not apply to them as [Plaintiffs] assert they were not parties to that litigation. [Defendant] Wilmington, on the other hand, seeks to impose its foreclosure rights under its deed of trust lien" (Dkt. #55 at p. 2).[1]

Defendant Wilmington presents two central arguments in opposition to the Magistrate Judge's conclusion that the Court lacks jurisdiction.[2] Defendant Wilmington argues two of the four cases cited by the Magistrate Judge "have their limits" (Dkt. #55 at pp. 3–4). In support of such limits, Defendant Wilmington for the first time cites *Burciaga v. Deutsche Bank National Trust Co.*, 871 F.3d 380 (5th Cir. 2007), arguing, "a federal district court generally does not have jurisdiction to set aside a state court judgment, if the state court judgment is both 'dispositive of the issues between the parties' and the order being reviewed 'is not void'" (Dkt. #55 at p. 4). Defendant Wilmington argues the instant matter is identical to *Burciaga*—wherein the Fifth Circuit affirmed the undersigned's determination that the parties' claims were not barred by the *Rooker-Feldman* doctrine—because "each order [in both cases] sought to undo the state court's

---

[1] Defendant Wilmington has not filed a counterclaim against Plaintiffs.
[2] Defendant Wilmington also argues, "even if the default judgment were still in existence, it would be absolutely void as to Wilmington" (Dkt. #55 at p. 2 n.2). Whether the default judgment is void is a question that can be reached only if the Court has jurisdiction. Plaintiffs initiated this suit and can fashion the relief sought in the manner they choose. Whether the default judgment exists and is void as to Defendant Wilmington is immaterial as to whether the Court has jurisdiction.

3

prior determination and return the parties to their previous positions by reinstating the litigation" (Dkt. #55 at p. 5). Defendant Wilmington thus argues, "this Court has jurisdiction to review and assess the Bill of Review Order as that order did not 'determine the rights of parties or dispose of all the issues involved . . . [and rather it] reinstate[d] the litigation'" (Dkt. #55 at p. 5) (alterations in original). Second, Defendant Wilmington argues the Court has jurisdiction because Plaintiffs here "specifically assert that the bill of review order is void," and point to the Fifth Circuit's conclusion in *Burciaga* that "*Rooker-Feldman* does not preclude review of void state court judgments"; therefore, Defendant Wilmington argues, this Court is not precluded from considering Plaintiffs' action (Dkt. #55 at p. 5).

*Defendant Hockessin's Response*

On January 7, 2020, Defendant Hockessin filed a Response to Defendant Wilmington's Objection (Dkt. #57). Therein, Defendant Hockessin posits Plaintiffs' suit "is, in essence, a suit to quiet title"; thus, this Court has jurisdiction because Plaintiffs are not *actually* seeking an order invalidating the state court order granting the bill of review (Dkt. #57 at pp. 1–2). Rather, because the order granting the bill of review was dismissed for want of prosecution, the default judgment stands (Dkt. #57 at pp. 2–3). In addressing the Fifth Circuit's opinion in *Burciaga*, Defendant Hockessin argues, "Plaintiff is not seeking review of the order granting the bill of review, because it was vacated by the order of dismissal"[3]; instead, "in essence," Plaintiffs "seek[] a finding that [they] own the property not subject to the deed of trust"—relief Defendant Hockessin argues this Court can grant (Dkt. #57 at p. 4). In other words, Defendant Hockessin asks the Court to look at

---

[3] As the Court understands the procedural history of the order granting the bill of review, this statement is incorrect—the order granting the bill of review was not vacated; rather, Defendant Hockessin's underlying claims were dismissed for want of prosecution (Dkt. #38 at p. 8).

4

the underlying *purpose* of Plaintiffs' suit rather than what Plaintiffs are explicitly asking for. Continuing, Defendant Hockessin states:

> The resolution of the bill of review question is not necessarily determinative of the issue [Plaintiffs] raise[]. If it is determined that the order granting the bill of review was vacated by the dismissal for want of prosecution, then the default judgment setting aside Wilmington's deed of trust will be in effect. This is not necessarily the end of the matter. Wilmington could once against raise its claim that the default is not effective. Moreover, if it is determined that the bill of review order remains in effect, this would not preclude Plaintiff[s] from raising other claims to support [their] position that [they] hold[] the property free of the deed of trust.

(Dkt. #57 at pp. 4–5). Thus, Defendant Hockessin asks the Court to retain jurisdiction over the matter but dismiss Defendant Hockessin from the case (Dkt. #57 at p. 5).[4]

*Plaintiffs' Response*

Plaintiffs filed their Response to the Magistrate Judge's report and Defendant Wilmington's Objection on January 10, 2020 (Dkt. #58). Therein, Plaintiffs make three central arguments in support of the Magistrate Judge's conclusion that the Court does not have jurisdiction and must remand the case to Texas state court. First, Plaintiffs attempt to distinguish *Burciaga* on factual grounds by pointing out that *Burciaga* involved a foreclosure procedure under the Texas Rules of Civil Procedure—not a bill of review action (Dkt. #58 at p. 2). Plaintiffs also state *Burciaga* involved a foreclosure under the Texas Rules of Civil Procedure that did not have a preclusive effect, whereas Defendant Wilmington claims the order granting a bill of review has preclusive effect (Dkt. #58 at p. 2). Second, Plaintiffs aver that the "Order of Dismissal" in the bill of review action was final and appealable, citing *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994) in support (Dkt. #58 at p. 3). Third, Plaintiffs argue Defendant Wilmington takes the position that the order granting the bill of review is still valid (Dkt. #58 at p.

---

[4] The Magistrate Judge's report alternatively recommended Defendant Hockessin be dismissed in the event the Court retains jurisdiction (Dkt. #54 at pp. 10–18).

5

3). Thus, in Plaintiffs' view, Plaintiffs are asking the Court to set aside a state court's order granting a bill of review—relief Plaintiffs believe the Court does not have jurisdiction to grant (Dkt. #58 at p. 3).

**OBJECTION TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). The core dispute posed by both the pending Objection and Responses is whether the Court lacks jurisdiction over the relief sought by Plaintiffs such that remand is warranted.

*Analyzing* **Burciaga**

At the heart of Defendants' Objections to the Magistrate Judge's conclusion on this issue is their interpretation of *Burciaga*. As a preliminary matter, the *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state *judgment* in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 468 (1983)) (emphasis added). The *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court *judgments* rendered before the district court proceedings commenced . . . ." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (emphasis added). In *Burciaga*, the Fifth Circuit considered whether the federal district court, specifically the undersigned, had subject-matter jurisdiction to consider the plaintiffs' claims.

In *Burciaga*, a Texas state court entered a "foreclosure order" under Texas law in favor of the defendant, which permitted the defendant to move forward with foreclosure of the plaintiffs' property. 871 F.3d at 382. Thereafter, the plaintiffs moved to *vacate* that same foreclosure order; the same Texas state court granted the request and issued a "vacating order." *Id.* at 382–83. Although the state court vacated the foreclosure order, the defendant moved forward with foreclosure. *Id.* at 383. A separate state court action was filed over the validity of the foreclosure sale and vacating order. *Id.* The defendant removed the action litigating the validity of the foreclosure to federal court. *Id.*

Following removal, the undersigned in *Burciaga* granted the defendant's motion for summary judgment. No. 4:14-CV-367, 2016 WL 410012, at *1 (E.D. Tex. Feb. 2, 2016). Therein, the undersigned independently analyzed the Court's jurisdiction, specifically whether this Court had jurisdiction to review the validity and effect of prior state court foreclosure related orders, in light of the *Rooker-Feldman* doctrine. *Id.* at *2–3. First, the undersigned acknowledged the plaintiffs asserted a trespass to try title claim, whereas the defendants asserted—among other claims—a counterclaim to quiet title in its favor. *Id.* at *3. The undersigned concluded:

> Defendant's counterclaims are within the Court's subject matter jurisdiction because Defendant is not a "state court loser" under the Foreclosure Order. Defendant seeks to *enforce* the state court judgment, not attack it . . . . Likewise, Plaintiffs are not "state court losers" because they believe that they "won" when the state court vacated the Foreclosure Order and do not seek to set aside the Foreclosure Order.

*Id.* (emphasis added). The undersigned further opined "that if *Rooker-Feldman* applies in the current action, then 'this Court would be without jurisdiction to hear all cases brought challenging court-ordered foreclosure sales—an absurd result." *Id.* at *4. Thus, the undersigned found the Court had "jurisdiction to determine the various claims asserted here," and also recognized "[t]his is not a situation in which the parties, 'rather than seek appellate relief from the Texas Court of

Appeals, the Texas Supreme Court and, ultimately, the United States Supreme Court, . . . ask this federal district court to act as a de facto appellate court[.]'" *Id.* at \*4 n.2 (quoting *Rainwater v. 21st Mortgage Corp.*, No. 1:09-CV-331, 2010 WL 1330624, at \*3 (E.D. Tex. Feb. 25, 2010), *report and recommendation adopted*, No. CIV. A. 1:09-CV-331, 2010 WL 1328845 (E.D. Tex. Mar. 29, 2010)).

On appeal, the plaintiffs argued, "the [instant] district court exceeded its jurisdictional authority by 'unilaterally reviv[ing] the vacated Foreclosure Order and modif[ying] the final disposition of the foreclosure in the Trial Court' in violation of the *Rooker-Feldman* doctrine." *Id.* at 384 (alterations in original). The Fifth Circuit recognized that under *Rooker-Feldman*, "inferior federal courts do not have the power to modify or reverse state court judgments[] except when authorized by Congress." *Id.* (citing *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013)). The Fifth Circuit affirmed the undersigned's determination that this Court possessed jurisdiction to review and assess the prior state court orders and did not err in holding the *Rooker-Feldman* doctrine did not preclude review of the vacating order.

The Fifth Circuit reasoned as to the "vacating order": (1) *Rooker-Feldman* only applies to final judgments, and the vacating order was not a final judgment; and (2) *Rooker-Feldman* does not apply to a void judgment, and the vacating order was a void state court judgment because the state court lacked jurisdiction to enter it.[5] *Id.* at 385–86. Because the federal district court had jurisdiction to review the void vacating order, the Fifth Circuit next considered whether the federal district court had jurisdiction to review the foreclosure order. *Id.* at 387. Although the Fifth Circuit conceded the foreclosure order is, on its face, barred from review under *Rooker-Feldman*, the Fifth

---

[5] More specifically, under Texas law, the plaintiffs should have filed a *separate* action in a *separate* Texas state court in order to obtain a valid order to vacate the foreclosure order. *Burciaga*, 871 F.3d at 386 (citing *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010)).

Circuit reiterated that courts "generally do not apply *Rooker-Feldman* 'to state decisions that would not be given preclusive effect under doctrines of res judicata and collateral estoppel.'" *Id.* (quoting *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 730 (5th Cir. 2011)). Because "Texas state law explicitly provides that the Foreclosure Order has no preclusive or res judicata effect" and "Texas law specifically allows for collateral attacks on Rule 736 foreclosure orders," the Fifth Circuit concluded the federal district court "did not err in holding that the *Rooker-Feldman* doctrine did not preclude review of the parties' claims." *Id.* at 387–88 (citing TEX. R. CIV. P. 736.8(c), 736.9).

***Jurisdiction is Lacking to Issue the Requested Relief***

In the instant matter, Plaintiffs do not seek review of a state court *judgment*; rather, Plaintiffs seek a separate "declaratory judgment that declares the order granting [Defendant] Wilmington's petition for bill of review void with respect to [Plaintiffs], and therefore, the Default Judgment remains valid" (Dkt. #6 at p. 16). *Rooker-Feldman* does not apply. Although *Rooker-Feldman* does not preclude the Court from granting Plaintiffs' requested relief in the instant case, it does not necessarily follow that the Court thus maintains subject-matter jurisdiction. Rather, "[f]ederal courts are courts of limited jurisdiction." *Fed. Nat'l Mortgage Ass'n v. Morse*, No. 4:16-CV-396, 2016 WL 6871143, at *3 (E.D. Tex. Nov. 22, 2016) (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)).[6]

Here, upon review of all relevant briefing and caselaw, the Court concludes Plaintiffs are indeed asking the Court to act as a de facto appellate court. Plaintiffs seek "declaratory judgment that *declares the order* granting [Defendant] Wilmington's petition for bill of review *void* . . . ."

---

[6] *Burciaga*, as applied to the instant case, does not stand for the proposition that the Court has jurisdiction to grant the requested relief. Notwithstanding that *Burciaga* is not on all fours with the facts of the instant case, it nonetheless helps illuminate this case's complicated posture.

(Dkt. #6 at p. 16) (emphasis added). This is a plain attempt to directly attack the state court's order granting a bill of review in federal court, rather than through the state appellate system.

As the Magistrate Judge illustrated:

> "[A]n order granting a bill of review is not subject to interlocutory appeal but may instead be *reviewed on appeal* from a final judgment. It is a well-established rule in Texas that if a judgment rendered in a bill of review proceeding does not dispose of the entire controversy, it is *interlocutory in nature* and not a final judgment from which an appeal will lie." *In re Estrada*, 492 S.W.3d 42, 46 (Tex. App.—Corpus Christi 2016, no pet.) (citing *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam)) (emphasis added). Moreover, "mandamus may be available to an order granting a bill of review." *In re Estrada*, 492 S.W.3d at 49 (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 137 (Tex. 2004)).

(Dkt. #54 at p. 9). So, the proper channel for Plaintiffs to get the relief they seek would be by challenging the bill of review in the state court system. It is not within the Court's purview to "declare[] the [state court] order . . . void" as Plaintiffs ask it to do. *Cf. Oviedo v. United States*, No. H-12-872, 2012 WL 3985123, at *2 (S.D. Tex. Sept. 11, 2012) ("Ovido's arguments regarding the ruling on the bill of [review] must be directed through the appellate system in the state court.").

In reaching its conclusion that the Court lacks jurisdiction, the Magistrate Judge's report relied on *Wuxi*, an unpublished Fifth Circuit case (Dkt. #54 at p. 9). In *Wuxi*, the plaintiff filed a bill of review action in state court, which was removed to federal court. *Wuxi Taihu Tractor Co. v. York Group, Inc.*, 460 F. App'x 357, 357–58 (5th Cir. 2012). In the bill of review action, the plaintiff sought to void a default judgment issued against it. *Id.* On appeal, the plaintiff argued the district court erred when it denied its motion to remand. *Id.* at 358. Relying on *Barrow v. Hunton*, 99 U.S. 80 (1878), the Fifth Circuit vacated the district court's judgment for lack of jurisdiction. *Id.* The Fifth Circuit reasoned the plaintiff filed a second suit seeking to nullify a state court default judgment rendered in the first suit on the basis of procedural irregularities—relief a federal court cannot grant. *Id.* at 358–59. Specifically, the Fifth Circuit cited *Barrow*'s

holding that "federal courts lack jurisdiction over an action that is 'merely tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, or to a *bill of review* . . . ." *Id.* at 359 (quoting *Barrow*, 99 U.S. at 83) (emphasis added).

Other federal district courts in the Fifth Circuit have grappled with how *Barrow* should be applied. In *Basic Capital*, for example, the Northern District of Texas stated, "[g]iven evolving views regarding how removal implicates federalism concerns, *Barrow*'s applicability is uncertain . . . ." *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, No. 3:17-CV-1147-D, 2017 WL 5197145, at *3 (N.D. Tex. Nov. 7, 2017). Indeed, the Northern District observed, "[m]ore recent decisions of the Fifth Circuit and of district courts within the circuit hold in limited circumstances that removal is improper under *Barrow*." *Id.* (citing *Wuxi Taihu Tractor Co.*, 460 F. App'x at 359). In *Basic Capital*, the plaintiffs filed suit in state court to collect against a prior state court judgment, which was removed to federal court *Id.* at *1. The plaintiffs moved to remand, arguing the court lacked jurisdiction. *Id.* at *2. The Northern District succinctly explained the task federal courts face:

> Courts must distinguish between cases seeking a "revision of errors and irregularities, or of the legality and correctness of the judgments and *decrees* of the State courts" and those that constitute "a new case arising upon new facts, [which] although having relation to the validity of an actual judgment or decree, or of the party's right to claim any benefit by reason thereof," are nevertheless independent of the previous judgment. *Barrow*, 99 U.S. at 83.

*Id.* (emphasis added). In threading the needle, the Northern District "decline[d] to extend the *Barrow* rule absent clear precedent, and the court is not aware of any case that applies *Barrow* to a fraudulent transfer claim like the one in this case." *Id.* at *3. Accordingly, the Northern District held "plaintiffs' fraudulent transfer claim is an action that is independent from the original state suit . . . [because] plaintiffs allege a new claim that they have not previously litigated in state court." *Id.* at *4 (citing *Wuxi*, 460 F. App'x at 359).

11

In the instant case, Plaintiffs seek to vacate a state court order granting a bill of review, which inherently seeks "revision of errors and irregularities, or of the legality and correctness of the . . . decree[] of the State Court[] . . . ." *See Basic Cap.*, 2017 WL 5197145, at *3. And unlike in *Basic Capital*, the underlying principle of *Barrow* and *Wuxi* has been applied in situations similar to the instant case—a bill of review action.[7]

*Alanis v. U.S. Bank National Association* is instructive. In *Alanis*, the plaintiff sought to set aside a default judgment issued against her in state court. No. SA-12-CA-288-OG, 2012 WL 13148796, at *1 (W.D. Tex. June 4, 2012). After the plaintiff amended her complaint and asserted numerous federal and state claims, the defendants removed the case to federal court. *Id.* at *2–3. Thereafter, the plaintiff filed a petition for bill of review in state court. *Id.* at *3. The defendants removed this second case—the bill of review action—to federal court. *Id.* The plaintiff moved to remand under *Rooker-Feldman*. *Id.* at *7.

First, the Western District of Texas concluded it had federal question jurisdiction over some of the plaintiff's claims because the plaintiff sought relief arising from federal law. *Id.* at *9. But upon considering the plaintiff's bill of review action, the Western District severed and remanded it because a bill of review action—which is a direct attack on a judgment—"must be brought in the court that rendered the contested judgment, or in an appellate court having jurisdiction over that court." *Id.* at *11 (citing *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973)). Moreover, the Western District emphasized that "[f]ederal courts lack

---

[7] *Oviedo*, like the instant matter, also involved a plaintiff who asked the federal court to vacate a state court order granting a bill of review, which would have the effect of reinstating a default judgment issued against a defendant. In *Oviedo*, the plaintiff originally obtained a default judgment in state court. *Id.* at *1. The United States was substituted as a defendant and filed a bill of review action in state court, which was granted. *Id.* The United States then removed the case to federal court and moved to dismiss the plaintiff's claims. *Id.* The plaintiff, on the other hand, asked the Southern District of Texas "to vacate the state court's order granting the bill of review." *Id.* The Southern District swiftly disposed of such a request by reasoning the bill of review case "is not before this court. The bill of review case is a separate case, with a separate case number . . . . Therefore, [the plaintiff's] arguments regarding the ruling on the bill of exception must be directed through the appellate system in the state court." *Id.* at *2.

12

jurisdiction over an action that is 'merely tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, or to a *bill of review*[.]'" *Id.* at *11 (quoting *Wuxi Taihu Tractor Co.*, 460 F. App'x at 359) (emphasis added). So, since the Western District did not "have original or supplemental jurisdiction over Alanis' state law action for bill of review to void or set aside" a state court order, the Western District severed and remanded the claim to state court. *Id.*

Like *Alanis*, the instant matter is before this Court on removal. *Alanis* is slightly different, as it involves a separate bill of review action filed by the plaintiff that was later removed to federal court. But like in *Alanis*, the relief Plaintiffs seek here is for this Court to declare a state court order "void." Accordingly, *Alanis* is an illustration of the prudence of remanding to state court in a situation where a litigant asks a federal court to act as a state appellate court. *See id.* Indeed, "federal courts lack jurisdiction over an action that is 'merely tantamount to the common-law practice of moving to set aside . . . a bill of review . . . ." *Wuxi Taihu Tractor Co.*, 460 F. App'x at 359 (quoting *Barrow*, 99 U.S. at 83). This action is requesting such relief; Plaintiffs seek nothing more than to have this Court declare a state court's order granting a bill of review void. The Court does not have jurisdiction to do so.

Conversely, *Brown v. Bank of America, N.A.* provides a distinguishable example of when a court may properly exercise jurisdiction in this area. In *Brown*, the Northern District of Texas denied the plaintiff's motion to remand after it conducted a *Wuxi* analysis. No. 3:13-CV-2843-D, 2013 WL 5538693, at *2 (N.D. Tex. Oct. 8, 2013). The plaintiff there filed a bill of review action in state court—which was removed to the Northern District of Texas—challenging a final judgment issued in a prior state court case. *Id.* at *1. Although not a bill of review action challenging a default judgment, the Northern District of Texas relied on *Wuxi*'s conclusion that a

federal court does not have jurisdiction over a bill of review action based upon "procedural irregularities" and that "allege[d] no claim or defense that was not previously before the state court." *Id.* at *3 (citing *Wuxi Taihu Tractor Co.*, 460 F. App'x at 359).

In *Brown*, the Northern District of Texas concluded *Wuxi* does not apply because the plaintiff's bill of review action was not based on procedural irregularities; rather, it was based upon the fact that counsel failed to make certain *legal arguments* during the case. *Id.* But in the instant case, Plaintiffs argue the Court should vacate the state court order granting the bill of review because of procedural irregularities—namely, that Plaintiffs "were not served with process in the prior state court action" (Dkt. #38 at p. 13). Defective service of process in this context is a procedural irregularity. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (collecting cases describing service of process as a "procedural requirement"); *Bilek & Purcell Indus., Inc. v. Paderwerk Gebr. Benteler GmbH & Co.*, 694 S.W.2d 225, 226 (Tex. App.—Houston [1st Dist.] 1985, no writ) ("procedural rules relating to service of process are mandatory . . . ."). Thus, *Wuxi* is applicable here where *Brown* is not—Plaintiffs are attempting to directly attack the validity of the bill of review based on procedural irregularities. Plaintiffs do not raise new any new legal arguments like the plaintiff in *Brown* did.

Particularly in light of the presumption that a federal court lacks subject matter jurisdiction, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994), the Parties' Motions to Remand should be granted. "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *See Lakepointe Residences v. Crump*, No. 4:17-CV-737-ALM-CAN, 2017 WL 6820195, at *2 (E.D. Tex. Nov. 29, 2017), *report and recommendation adopted*, 2018 WL 324698 (E.D. Tex. Jan. 8, 2018) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## CONCLUSION

Having considered the Parties' Objections and Responses (Dkts. #39; #41; #44; #55; #57; #58), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #54) as the findings and conclusions of the Court.

It is therefore **ORDERED** that the above-referenced cause be remanded to the 211th Judicial District Court of Denton County, Texas.

**IT IS SO ORDERED**.

**SIGNED this 16th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE